**UNITED STATES of America**

v.

**Alejandro HERRERA–GONZALEZ, a/k/a Alejandro, a/k/a Alejandro Herrera, a/k/a Alejandro G. Herrera, Alejandro Herrera–Gonzalez, Appellant.**

No. 08–4269.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) Dec. 15, 2009.

Filed: Dec. 31, 2009.

**300**

George S. Leone, Esq., Samuel A. Stern, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Maggie F. Moy, Esq., Office of Federal Public Defender, Camden, NJ, for Appellant.

Before: SLOVITER, JORDAN and WEIS, Circuit Judges.

### Opinion

WEIS, Circuit Judge.

Defendant pled guilty to illegally re-entering the country five years after being deported for his commission of criminal sexual contact. *See* 8 U.S.C. § 1326. The District Court sentenced him to 46 months imprisonment, the bottom of the Guideline range. Defendant now contends that the Court erred in "focus[ing] almost exclusively on" his conviction for the sex crime, for which he had already served time in prison, as the main factor in calculating the sentence. We will affirm the sentence imposed.

In computing the Guideline range, the Court included a sixteen-level enhancement to the base offense level because of the defendant's previous conviction for a felonious crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A). That addition, combined with a three-level decrease for the acceptance of responsibility, resulted in an adjusted Guideline offense level of 21, which, when applied to the defendant's criminal history category of III, culminated in a range of 46–57 months imprisonment. In computing the criminal history, the Court included a state conviction for failing to register as a sex offender. That violation occurred after defendant re-entered this country.

The District Court reviewed the defendant's mitigation claims in detail and thoroughly explored the reasons for the Guideline calculations. The Court also gave "meaningful consideration" to the factors in 18 U.S.C. § 3553. *United States v. Starnes,* 583 F.3d 196, 215 (3d Cir.2009) (a procedurally reasonable sentence "reflect[s] a district court's meaningful consideration of the factors set forth at ... § 3553(a)" (quoting *United States v. Lessner,* 498 F.3d 185, 203 (3d Cir.2007))). In addition, the Court noted that defendant already had served six months in a state jail for failing to register as a sex offender and, but for that, the sentence would have been higher than the 46 months imposed.

We are convinced that the District Court "committed no significant procedural error in arriving at its [sentencing] decision," nor did it impose a substantively unreasonable term of imprisonment. *Id.* The Court painstakingly analyzed the case and the arguments ably raised by defense counsel. We find no reversible error in the defendant's sentence.

We note further that defendant has raised a claim that the District Court accepted his conviction under 8 U.S.C. § 1326(b)(2) by a preponderance of the evidence in spite of the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Defendant candidly admits that he raises this point to preserve the issue should the Supreme Court modify its holding in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We acknowledge the defendant's preservation of the issue.

Accordingly, the judgment of the District Court will be affirmed.